FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N.Y

★ DEC 22 2011 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PAUL HENRY,

                        Plaintiff,

    -against-

FRANK BERLANGA, PAUL READ, JOSEPH
HUGHES, PHILIP C. BRADY, JOHN COMISKEY,
and COUNTY OF NASSAU,

                        Defendants.
----------------------------------X

MEMORANDUM & ORDER
06-CV-6898(JS)(ETB)

APPEARANCES
For Plaintiff:    Paul Henry, pro se
                  07A1752
                  Clinton Correctional Facility
                  P.O. Box 2000
                  Dannemora, NY 12929

For Defendants:   Ralph J. Reissman, Esq.
                  Nassau County Attorney's Office
                  One West Street
                  Mineola, NY 11501

SEYBERT, District Judge:

       Plaintiff Paul Henry ("Plaintiff") commenced this action pro se on December 27, 2006 against Nassau County, Nassau County Detectives Frank Berlanga, Paul Read and John Comiskey, and Nassau County Police Officers Joseph Hughes and Philip C. Brady (collectively "Defendants"), seeking damages under 42 U.S.C. § 1983 for the alleged use of excessive force and violation of Plaintiff's Miranda rights by Defendants in connection with their apprehension and interrogation of

Plaintiff on charges related to a robbery.[1] Presently pending before the Court is Plaintiff's motion for reconsideration of this Court's Memorandum and Order denying the appointment of counsel and Magistrate Judge E. Thomas Boyle's Memorandum, Opinion and Order denying the appointment of handwriting and weapons experts. (Docket Entries 76, 77.) For the following reasons, Plaintiff's motions are DENIED.

DISCUSSION

The Court assumes familiarity with the underlying facts and will only discuss the facts relevant to the issues presently before it.

I. Appointment of Counsel

Plaintiff first moved for the appointment of counsel on July 20, 2007. (Docket Entry 26.) Notwithstanding Plaintiff's in forma pauperis status, on October 23, 2007, the Court denied Plaintiff's request because "(1) the basis of Plaintiff's claims do not rely on facts that must be further investigated; (2) Plaintiff will be capable of performing any witness examination required; (3) Plaintiff has adequately and competently set forth his claims in the Complaint; and (4) there is no other special reason to appoint counsel." (Docket Entry 27.) On November 13, 2007, Plaintiff moved for reconsideration

---

[1] The Court notes that Plaintiff was ultimately convicted by a jury and his conviction was affirmed by the Appellate Division, Second Department.

of the Court's Memorandum and Order denying the appointment of counsel (Docket Entry 28), which the Court denied on April 30, 2008 (Docket Entry 40).

Plaintiff again moved for the appointment of counsel on March 9, 2011. (Docket Entry 57.) The Court denied this renewed application on March 18, 2011, holding that "[t]he record reflects that the legal issues presented are not unduly complex, Plaintiff can adequately prosecute his claims pro se, and there are no other special reasons to appoint counsel in this case." (Docket Entry 63.) The Court continued: "Given that the number of pro bono attorneys on the Court's panel is limited, the Court declines to appoint counsel under the circumstances presented herein." (Id.)

On June 20, 2011, Plaintiff filed the present motion for reconsideration of the Court's Memorandum and Order denying his second motion for the appointment of counsel. (Docket Entry 76.) He filed an identical copy of that motion on September 26, 2011. (Docket Entry 77.)

Local Civil Rule 6.3 states that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Here, Plaintiff filed the first of the pending motions for

reconsideration over three months after the deadline for filing such a motion expired. As such, Plaintiff's motion for reconsideration of the Court's March 18, 2011 Memorandum and Order denying the appointment of counsel is DENIED as time-barred.

II. Appointment of Experts

On March 9, 2011, Plaintiff moved for the appointment of (i) a handwriting expert "to test, analyze and examine plaintiff's signature on the Miranda card" (Docket Entry 61), and (ii) a weapons expert "to review all crime scene photos, ballistic reports, and to assist in the presentation of plaintiff's defense" (Docket Entry 62). On April 1, 2011, Judge Boyle denied Plaintiff's motions as untimely and on the merits for failure to set forth any facts to support his applications. (Docket Entry 67.) Plaintiff moved this Court to reconsider Judge Boyle's order on June 20, 2011 and again on September 26, 2011. (Docket Entry 76.) The Court construes Plaintiff's motions for reconsideration as an objection to Judge Boyle's Memorandum, Opinion and Order.

"A party may serve and file objections to [a magistrate judge's order on a nondispositive matter] within 14 days after being served with a copy." FED. R. CIV. P. 72(a). Since here Plaintiff waited over two months to object to Judge Boyle's order--far outside the time prescribed under the Federal

Rules--Plaintiff's objection to Judge Boyle's order is OVERRULED as untimely, and his motions to appoint experts are DENIED.

CONCLUSION

For the foregoing reasons: (i) Plaintiff's motions for reconsideration of the Court's Memorandum and Order denying Plaintiff's second request to appoint counsel are DENIED as time-barred; and (ii) Plaintiff's objection to Judge Boyle's Memorandum, Opinion and Order denying the appointment of handwriting and weapons experts is OVERRULED and his motions to appoint experts are DENIED.

SO ORDERED.

Dated: December 22, 2011
Central Islip, NY

Joanna Seybert, U.S.D.J.