```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PAUL HENRY,

                        Plaintiff,             ORDER
                                                06-CV-6898(JS)(ETB)
        -against-

FRANK BERLANGA, PAUL READ, JOSEPH
HUGHES, PHILIP C. BRADY, JOHN COMISKEY,
and COUNTY OF NASSAU,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Paul Henry, pro se
                    07A1752
                    Clinton Correctional Facility
                    P.O. Box 2000
                    Dannemora, NY 12929

For Defendants:     Ralph J. Reissman, Esq.
                    Nassau County Attorney's Office
                    One West Street
                    Mineola, NY 11501
```

SEYBERT, District Judge:

The Court is in receipt of Defendants motion for summary judgment filed on February 17, 2012. (Docket Entry 82.) For the following reasons, Defendants' motion is DENIED WITHOUT PREJUDICE.

First, Defendants failed to comply with the undersigned's Individual Motion Practices which require, prior to the filing of a motion for summary judgment, that the following occur: (1) the moving party must serve a Rule 56.1 Statement on the non-moving party; (2) within fourteen days of

receipt of the movant's statement, the non-moving party, if it wishes to oppose the motion, must serve a Rule 56.1 Counterstatement; (3) the movant must then file a letter request for a pre-motion conference briefly explaining the basis for the anticipated motion; (4) within seven days of receipt of the movant's letter, the non-moving party, if it wishes to oppose the motion, must file an opposition letter; and (5) finally the Court will schedule a conference where a briefing schedule will be established. Here, Defendants filed their Rule 56.1 Statement on the same day as they filed their motion for summary judgment. Defendants did not allow Plaintiff an opportunity to file a Rule 56.1 Counterstatement, nor did Defendants request a pre-motion conference. As such, Defendants motion is premature and is DENIED WITHOUT PREJUDICE with leave to re-file.

<u>Second</u>, Defendants appear to be misconstruing what occurred at the February 3, 2012 telephone conference. At the conference, Plaintiff moved to have his Complaint voluntarily dismissed <u>without prejudice</u> pursuant to Rule 41 of the Federal Rules of Civil Procedure. Defendants, at the conference, consented to such dismissal but argued that it should be <u>with prejudice</u>. Thereafter, the Court granted Defendants leave to file a brief explaining why the voluntary dismissal under Rule 41 must be <u>with prejudice</u>. Instead, Defendants filed a motion for summary judgment under Rule 56.

2

CONCLUSION

For the foregoing reasons, Defendants' motion is DENIED WITHOUT PREJUDICE with leave to re-file in accordance with the undersigned's Individual Motion Practices. However, upon review of the docket and the relevant law, the Court is compelled to amend its prior directive.

Pursuant to Rule 41, since Defendants already filed an Answer, unless all parties stipulate, this action can only be voluntarily dismissed at Plaintiff's request by order of this Court and on terms that the Court considers proper. Voluntary dismissal without prejudice at this stage is "not a matter of right." Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990). Factors relevant to the Court's analysis of whether to grant Plaintiff's request to dismiss without prejudice include: "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." Id.

Therefore, it is hereby

ORDERED that, on or before March 19, 2012, Plaintiff must file a letter brief of no more than three pages explaining

why the Court should grant his request to voluntarily dismiss under Rule 41 without prejudice. It is further

ORDERED that, on or before April 2, 2012, Defendants must either: (1) file a signed consent to dismissal without prejudice; or (2) file a letter brief of no more than three pages indicating why the Court should not voluntarily dismiss the Complaint under Rule 41 without prejudice.

Although Defendants' motion for summary judgment was denied with leave to re-file, Defendants shall not seek leave to re-file their motion until after the Court decides Plaintiff's motion to dismiss. It is further

ORDERED that counsel for Defendants serve a copy of this Order on the pro se Plaintiff within seven (7) days of the date of this Order and file proof of service via ECF.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   February  24 , 2012
         Central Islip, NY

4