```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PAUL HENRY,

                    Plaintiff,          MEMORANDUM & ORDER
                                        06-CV-6898(JS)(ETB)
        -against-

FRANK BERLANGA, PAUL READ, JOSEPH
HUGHES, PHILIP C. BRADY, JOHN COMISKEY,
and COUNTY OF NASSAU,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Paul Henry, pro se
                   07A1752
                   Clinton Correctional Facility
                   P.O. Box 2000
                   Dannemora, NY 12929

For Defendants:    Ralph J. Reissman, Esq.
                   Nassau County Attorney's Office
                   One West Street
                   Mineola, NY 11501
```

SEYBERT, District Judge:

Presently pending before the Court is pro se Plaintiff Paul Henry's ("Plaintiff") motion to dismiss his Complaint without prejudice. For the following reasons, Plaintiff's motion is DENIED.

BACKGROUND

On February 3, 2012, the Court conducted a pre-trial telephone conference with Plaintiff and counsel for Defendants to discuss any pre-trial issues and to set a trial date. At such conference, Plaintiff stated that he was not prepared to

proceed to trial and requested that the Court voluntarily dismiss his Complaint without prejudice. Defendants, at the conference, consented to such dismissal but argued that it should be dismissed with prejudice. Thereafter, on February 24, 2012, the Court ordered Plaintiff to file a letter brief on or before March 19, 2012 explaining why the Court should dismiss his Complaint without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. To date, the Court has yet to receive this letter brief from Plaintiff. On April 2, 2012, Defendants filed a letter opposing Plaintiff's oral request to dismiss without prejudice and, instead, asked the Court to dismiss with prejudice.

## DISCUSSION

Pursuant to Rule 41, since Defendants already filed an Answer, unless all parties stipulate, this action can only be voluntarily dismissed at Plaintiff's request by order of this Court and on terms that the Court considers proper. Voluntary dismissal without prejudice at this stage is "not a matter of right." Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990). Factors relevant to the Court's analysis of whether to grant Plaintiff's request to dismiss without prejudice include: "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in

2

preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." Id.

None of these factors justify granting Plaintiff's motion. First, Plaintiff waited until the final pre-trial conference to seek voluntary dismissal without prejudice and then ignored the Court's order requesting additional briefing. Thus, the Court finds that Plaintiff was not diligent in bringing this motion. Second, this action was commenced in 2006, and the parties have been litigating on-and-off for the past six years. Discovery was certified complete on June 1, 2011, and the Court is prepared to set a trial date. It would be unduly prejudicial to Defendants to require them to expend additional time, money, and resources to defend a new action asserting the same claims and seeking the relief given the extent to which the present action has progressed. Third, Plaintiff asserts that he cannot proceed to trial because Magistrate Judge E. Thomas Boyle denied his requests for the appointment of handwriting and ballistic experts[1] and because this Court repeatedly denied his requests for the appointment of counsel. However, if Plaintiff is permitted to commence a second action asserting the same claims and requesting the same

---

[1] Such orders were upheld by this Court on appeal.

relief, the Court will again deny these requests.  Thus, Plaintiff will again be unable to prosecute his claims.

<u>CONCLUSION</u>

Accordingly, for the foregoing reasons, Plaintiff's request to voluntarily dismiss his Complaint without prejudice is DENIED.  Plaintiff is hereby ORDERED to inform the Court on or before May 29, 2012 whether he wishes to proceed to trial or voluntarily dismiss his Complaint <u>with prejudice</u>.  **If the Court does not receive such notice from Plaintiff on or before May 29, 2012, his Complaint will be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

The Clerk of the Court is directed to mail a copy of this Order to the <u>pro se</u> Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 24, 2012
Central Islip, NY